UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW NYDEN, an Individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP., a corporation, et al.<br><br>　　　　　Defendants. | Case No. 2:17-cv-08695-RGK-FFM<br><br>**PROTECTIVE ORDER PURSUANT TO STIPULATION** |

Plaintiff MATTHEW NYDEN and Defendants FIRST ADVANTAGE BACKGROUND SERVICES CORP. and WELLS FARGO BANK, N.A., having consented through their respective attorneys for the entry of this Agreed Protective Order in order to protect the confidentiality of certain information and to facilitate discovery, IT IS HEREBY ORDERED THAT:

Given the subject matter of this action, the parties reasonably expect that certain discovery and/or testimony in this case might involve materials that are confidential, subject to restrictions and/or confidentiality agreements, or otherwise subject to the protections of Rule 26(c) of the Federal Rules of Civil Procedure. To facilitate the

orderly progress of discovery of these matters, the parties hereby stipulate and agree to the entry of this Order.

1. This Order shall remain in effect for the duration of this action unless otherwise ordered by the Court or agreed by the parties.

2. This Order shall apply to the parties and any non-party from whom discovery may be sought and who desires the protection of this Order.

3. Designations of information as "Confidential" pursuant to this Order are intended strictly for the purpose of facilitating the litigation of this action.

4. The parties hereby reserve their rights to challenge any party or non-party's claim that any information produced in this litigation is confidential or should be subject to this Order. The parties further reserve their rights to continue making full and appropriate use of any information that was lawfully in their possession before the date the Complaint was filed in this action, and nothing in this Order shall restrict a party from continuing to make use of said information simply because another party subsequently designates any portion of that information for protection under this Order.

5. As used herein:

a. "Producing Party" means any person or entity that produces documents or information in connection with this action, including Defendants or any non-party.

/ / /

/ / /

b. "Receiving Party" means the person or entity to whom a Producing Party produces any documents or other materials in connection with this action, including Plaintiff and Defendants.

c. "Designating Party" means: (i) any Producing Party that designates documents or information as "Confidential" pursuant to the terms of this Order; or (ii) any party that designates documents or information subpoenaed from a non-party as "Confidential" pursuant to the terms of this Order.

d. "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity Confidential Materials, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

6. Confidential Materials: Any Designating Party may designate documents and other information produced in this action as "Confidential" if the Designating Party has a good faith belief that the document or information so designated constitutes: (a) non-public, proprietary or confidential research, development, or commercial information, trade secrets or non-public intellectual property, or pricing or financial data of the Designating Party or its affiliates, including policies and procedures, business plans, advertising or marketing initiatives, budget data, pricing models, sales data, and confidential tax data; (b) the personal information of consumers other than Plaintiff or of

3

current and former employees of Defendants or their affiliates, including biographical data, bank account data, health and drug testing data, public records data, background reports, and other similar, sensitive personal information; or (c) other proprietary or confidential information that would not be available to the public or non-parties outside the context of this litigation, including information otherwise protected from disclosure by statute or regulation. In any dispute regarding the propriety of designating any material as confidential, the burden of establishing the proper designation of materials as confidential shall be upon the designating party.

7. Confidential Materials shall be used solely for the purpose of this action, shall not be used for any other business, competitive, or other purpose, and shall not be disclosed to any other person or entity other than:

    a. The parties in this action;

    b. Counsel for the parties in this action, including employees of such counsel to the extent necessary to render professional services in this action;

    c. The Court and persons employed by the Court working on this action;

    d. Court reporters at the proceedings in this action;

    e. Experts or consultants retained or consulted by the parties in connection with this action, but only as set forth in Paragraphs 9 and 10 below; and

    f. Deponents, trial witnesses, and potential witnesses in connection with this action, but only as set forth in Paragraphs 9 and 10 below.

8. Prior to making the disclosure of any Confidential Materials pursuant to subsections (e) and (f) of Paragraph 7, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents to be disclosed, or any portions thereof, may be used only for the purposes set forth in this Order. In addition, such persons shall state their consent in writing (in the form of an Acknowledgment attached hereto as Exhibit A) to be bound by the terms of this Order. The signed Acknowledgment forms will be e-mailed by counsel to opposing counsel immediately upon execution.

9. In the event that any Confidential Materials are referred to or used in the deposition of any person initiated by any party, the parties' counsel shall have the option, during the deposition or within fourteen (14) days after the deposition, to require the reporter to prepare the transcript or portions thereof and exhibits as "Confidential." Such transcripts, excerpts, exhibits, and the information contained therein shall remain protected under this Order regardless of whether the parties' counsel exercises the option provided by this paragraph. Moreover, the parties may, at the deposition or after receiving a copy of the deposition transcripts, designate deposition testimony or portions thereof as "Confidential." A Designating Party may not over-designate deposition transcripts and may only designate in any transcript those excerpts or portions or exhibits, which are legitimately confidential.

10. This Order does not limit the right of any party to object to the scope of discovery or to any particular discovery request in this action.

5
PROTECTIVE ORDER PURSUANT TO STIPULATION

11. Within fourteen (14) days of the conclusion of this action, including any appeals, as to all parties, Confidential Materials produced by the Producing Party, as well as all copies, excerpts, or summaries thereof, shall be returned to the Producing Party or destroyed. In the event counsel possesses attorney work product containing or referring to Confidential Materials, such attorney work product shall remain subject to the restrictions set forth in Paragraph 8 above or in the alternative may be destroyed.

~~12.~~ Nothing in this Order shall prevent a party from any use of its own Confidential Materials. Moreover, nothing in this Order shall limit the right of the parties to use Confidential Materials for purposes of this action, including in any pleadings, memoranda, briefs, exhibits, or other documents that may be prepared in connection with this action. This Order does not provide prospectively for filing materials under seal. Any party wishing to file, under seal, materials designated by another party as Confidential Materials under this Order shall first file an application, memorandum, proposed order including findings, and notice of hearing in compliance with Central District of California Local Civil Rule 79-5.2.2 and the Court's Standing Order ¶ 16.

13. The inadvertent or unintentional disclosure of any Confidential Materials shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific Confidential Materials disclosed or as to other related information.

14. Subject to Paragraph 19, any party may apply to the Court seeking an order that information designated as "Confidential" pursuant to this Order need not be treated

PROTECTIVE ORDER PURSUANT TO STIPULATION

as such. The party seeking relief from this Order shall specify which information designated as "Confidential" by a Designating Party for which it disputes the designation and the reasons for the dispute.

15. Except as otherwise provided herein, no party shall disclose any information designated as "Confidential" without the written consent of the Designating Party or the express permission of the Court.

16. Furnishing of consumer report information regarding Plaintiff for the purposes of litigating this action is authorized by this Order pursuant to 15 U.S.C. § 1681b(a)(1).

17. The inadvertent production or disclosure of any document or filing otherwise protected by the attorney-client privilege or work product immunity shall not constitute or be deemed as a waiver or forfeiture of any such privilege or immunity, pursuant to Rule 502(d) of the Federal Rules of Evidence.

18. If, after learning of the inadvertent production or disclosure, the Producing Party wishes to assert its privilege or protection, it shall send to each Receiving Party a written request for return of the inadvertently produced or disclosed document or thing. Notwithstanding the procedures outlined in Paragraphs 19(a) to (d) below, a Receiving Party shall not further review the inadvertently produced document or thing except as necessary to identify it for return and destruction and, within five (5) business days of receiving such a request, each Receiving Party shall return to the Producing Party all such documents and things identified by the Producing Party as having been inadvertently

produced, shall destroy any electronic copies such that they cannot in any way be retrieved or reproduced, and shall not utilize the information contained in such documents or things for any purpose.

    a. If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing within five (5) business days of when the document or thing is returned to the Producing Party.

    b. Within five (5) business days after receiving such notification, the Producing Party shall provide to the Receiving Party for each such document or thing a privilege log describing the basis for the claim of privilege or immunity.

    c. Within five (5) business days after receiving such description, if the Receiving Party wishes to file a motion to compel production of such documents and things, the Receiving Party shall follow the procedures set forth in Paragraph 19. If such a motion is filed, the Producing Party shall have the burden of proving that the documents and things in dispute are protected by the attorney-client privilege or by work-product immunity.

    d. With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes

the claims of attorney-client privilege or work-product immunity, the Receiving Party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

19. Before seeking relief from the Court due to an alleged violation of this Order, the party seeking relief shall attempt to resolve the matter by agreement with the other party. If, after the parties meet and confer, the matter remains in dispute, either party may promptly present the matter to the Court by motion. Any such motion must fully comply with Local Rule 37. During the pendency of such motion and unless the Court rules otherwise, any Confidential Materials shall be handled according to their designation.

20. The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, subject to the Court's approval, or by Order of the Court.

21. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

22. Any violation of the terms of this Order may, in the discretion of the Court,

///

///

///

/ / /

result in sanctions, an award of damages, or other appropriate relief as determined by the Court.

SO ORDERED this 22nd day of August, 2018.

                                   /S/ FREDERICK F. MUMM
                                   Frederick F. Mumm
                                   United States Magistrate Judge

# EXHIBIT A

# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Agreed Protective Order ("Order") that was issued by the United States District Court for the Central District of California on _____, 2018 in the case of *Matthew Nyden v. First Advantage Background Services Corp., et al.*, Case No. 2:17-cv-08695-RGK-FFM. I agree to comply with and be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date:_____

City and State where sworn and signed:_____

Printed name: _____

Signature:_____