Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
2103 Montrose Avenue, Suite D
Montrose, CA 91020

Tel. (818) 249-5291
Fax (818) 249-4329
Email: rbrennan@brennanlaw.com

Attorney for Plaintiff
MATTHEW NYDEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW NYDEN, an Individual; | Case No.: 2:17-cv-08695-RGK-FFM |
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR DAMAGES:** |
| vs. | |
| FIRST ADVANTAGE BACKGROUND SERVICES, CORP. is a corporation; WELLS FARGO BANK, NATIONAL ASSOCIATION is a business entity; and DOES 1-50, Inclusive, | 1. CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT.<br>2. FAIR CREDIT REPORTING ACT.<br>3. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT.<br>4. BUSINESS & PROFESSIONS CODE SECTION 17200.<br>5. ADVERSE EMPLOYMENT ACTIONS IN VIOLATION OF PUBLIC POLICY |
| Defendants. | **JURY TRIAL DEMANDED.** |

Plaintiff alleges:

1. Plaintiff MATTHEW NYDEN ("Plaintiff") is a resident of County of Los Angeles, State of California.

2. Defendant FIRST ADVANTAGE ("FA") is an unknown business entity doing business in the State of California, County of Los Angeles, providing personal detailed information which can be inaccurate information about consumers and which then publishes such information and provides this to its subscribers. Under the California Investigative Consumer Reporting Agencies Act ("Act"), FA qualifies as an "investigative consumer reporting agency" (Civ. Code Section 1786.2 (d)) that issues "investigative consumer reports" (Civ. Code Section 1786.2 (c)) about "consumers" (Civ. Code Section 1786.2 (b)). Under the Consumer Credit Reporting Agencies Act, FA qualifies as a consumer credit reporting agency, and is also a furnisher of consumer credit information.  Under the Fair Credit Reporting Act, FIRST ADVANTAGE is a "consumer reporting agency" as that term is defined in 15 U.S.C. Section 1681a (f).  Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act.

2a. Defendant WELLS FARGO BANK, N.A. ("WELLS FARGO") is a national banking association doing business in the State of California, County of Los Angeles, and at all times relevant to this action was Plaintiff's employer.

3. Defendants DOES 1-25 are individuals and business entities, form unknown, doing business in the State of California in conjunction with FA. DOES 1-25, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, public records services, investigators, furnishers of consumer information and others who have refused to delete names and addresses that appear through identity theft, mixed file or other manner of recording inaccurate or obsolete personal information, even after Plaintiff has notified them of the false, obsolete or inaccurate information, and

also who have reported such inaccurate information references to credit reporting agencies or to other investigative consumer reporting agencies.

3a. Defendants DOES 26-50 are individuals and business entities, form unknown, doing business in the State of California in conjunction with WELLS FARGO. DOES 26-50, Inclusive, includes individuals or business entities associated with WELLS FARGO liable to Plaintiff under causes of action alleged herein.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 50, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 50, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

SECOND AMENDED COMPLAINT FOR DAMAGES

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff.  Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint.  Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION
## VIOLATION OF CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT
## AGAINST FA AND DOES 1-25, INCLUSIVE.

6. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

7. On or about February 2016, Plaintiff discovered that he was removed from a securities licensing program through his employer, WELLS FARGO, because of obsolete information appearing in a background check provided by FA. FA was reporting information that should not have been reported because the time limit to report arrests is 7 years. FA was reporting arrest information that was more than 17 years. Plaintiff called FA in October, November and December of 2016, to dispute the damaging information appearing in the background check. Plaintiff asked that FA send him a report in an effort to remove any inaccurate or obsolete information appearing on his FA profile. After approximately eight (8) requests, Plaintiff finally received the report that was marked confidential but ironically, was not even properly sealed, meaning it could have easily been opened and reviewed by anyone.

8. Plaintiff's livelihood depends on a clean background check to succeed in the banking industry, it is vital to him that only legally permissible information appears on any reports provided by FA. Since FA advertises it supplies anyone looking to authenticate identity with a comprehensive background screening, he felt that asking FA to remove obsolete data from these reports was a suitable request.

9. To this day FA refuses to respond to Plaintiff's request to remove the obsolete information FA is providing its subscribers on his personal profile. FA continues to deny Plaintiff the opportunity to correct the information appearing on Plaintiff's FA report.

10. In continuing the reporting of obsolete background report information on Plaintiff's FA report, after he had reported to them the outdated information situation and in failing and refusing to respond to Plaintiff's requests for information and in failing to conduct a reasonable investigation in response to Plaintiff's requests and in having inefficient and unworkable procedures to procure, report, reinvestigate and verify consumer information, FA and DOES 1-

25, Inclusive, have willfully, negligently or grossly negligently violated the California Investigative Consumer Reporting Agencies Act, Civ. Code Section 1786 <u>et seq.</u>  This represents but a partial list of violations and Plaintiff reserves the right to allege more violations as they become known.

11. Plaintiff has suffered actual damages, including general, special, incidental and consequential damages, or $10,000, whichever is greater, and is also entitled to attorney's fees and costs under the Act.  In addition, Plaintiff alleges that Defendants FA and DOES 1-25, Inclusive, violated the Act in a willful, malicious and oppressive manner, thereby entitling him to punitive damages as allowed by law.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AGAINST ALL DEFENDANTS

12. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

13. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act.  All Defendants are "consumer reporting agencies" as defined by 15 U.S.C. Section 1681a (p).

14. On or about January 2016, Plaintiff was enrolled in a securities licensing program through WELLS FARGO.  On or about February 2016, Plaintiff was removed from the program due to information discovered in a background check requested by WELLS FARGO and provided by FA. Per section 15 USC Section 1681c (2), records of arrest can only be reported for 7 years. FA reported information that is more than 17 years old.  Plaintiff was removed from the securities licensing program as a direct result of the damaging information being reported by FA. The marring information FA is reporting, has cost Plaintiff a raise, a promotion and to be much less competitive in the banking industry since he does

SECOND AMENDED COMPLAINT FOR DAMAGES

not have a securities license.

15. Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

15A. WELLS FARGO and DOES 26-50, Inclusive, also violated 15 USC 1681b (b) (3) by not providing plaintiff with a copy of the FIRST ADVANTAGE report before it took it adverse action against him.

16. Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report, including but not limited to the elimination of obsolete arrest records;

b. By willfully and negligently failing to correct, after receiving notice, information about the Plaintiff which Defendants knew, or should have known, was obsolete;

c. By willfully and negligently failing to correct and/or delete the obsolete information in Plaintiff's file after conducting an investigation;

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the Defendants; and,

e. As to WELLS FARGO and DOES 26-50, Inclusive: by failing to provide plaintiff with a copy of his FIRST ADVANTAGE report before taking an adverse action against him.

17. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial.  As provided under the cited law, Plaintiff is entitled to actual damages, general and

SECOND AMENDED COMPLAINT FOR DAMAGES

special damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

18. Plaintiff alleges that Defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, Defendants deliberately have inefficient procedures for correcting their background files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of false information.  Plaintiff alleges that Defendants regularly gather and report obsolete arrest information about consumers, in willful violation of FCRA.

18A. Plaintiff also alleges that WELLS FARGO and DOES 26-50, Inclusive, willfully refused to provide plaintiff with a copy of his FIRST ADVANTAGE report before taking an adverse action because WELLS FARGO and DOES 26-50, Inclusive, knew or should have known that the report contained improper and legally impermissible material, and wished to conceal that from plaintiff.  On this basis alone, plaintiff alleges that WELLS FARGO and DOES 26-50, Inclusive, willfully violated the Fair Credit Reporting Act.

## THIRD CAUSE OF ACTION
### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST FA AND DOES 1-25, INCLUSIVE

19. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

20. Within two years prior to the filing of the complaint in this action, Defendants FA and DOES 1-25, Inclusive, both willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

a. By willfully and negligently furnishing incomplete or inaccurate information about Plaintiff to Plaintiff's employer, where FA and Does 1-25, Inclusive, knew or should have known that the information was inaccurate or incomplete by reason of obsolescence.

21. Each of the Defendants FA and DOES 1-25, Inclusive willfully and negligently furnished the derogatory information in spite of having knowledge of the obsolescence.  Plaintiff alleges that each of the Defendants FA and DOES 1-25, Inclusive, have policies and practices that hinder and obstruct adequate and meaningful reinvestigations, and that each Defendant knows of this effect of its policies and practices.  Further, Plaintiff alleges that FA and DOES 1-25, Inclusive, are, in simple terms, too cheap to equip and staff themselves to conduct and perform adequate reinvestigations, and have a culture of reporting obsolete arrest information.

22. As a proximate result of the willful and negligent actions of the Defendants FA and DOES 1-25, Inclusive, and each of them, Plaintiff has suffered both general and special damages in an amount which will be proven at time of trial.  As provided under the cited laws, Plaintiff is entitled to actual damages, loss of wages, lost earnings, damage to reputation, pain and suffering, costs and attorney fees.  Plaintiff is also entitled to punitive damages and statutory penalties for willful violations of the California Consumer Credit Reporting Agencies Act.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CAL. BUS. & PROF. CODE SECTION 17200 AGAINST FIRST ADVANTAGE AND DOES 1-25, INCLUSIVE

23. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

24. Each violation is a violation of Business & Professions Code Section 17200, in that Defendants' conduct is both unlawful and unfair.  Defendants'

reporting of obsolete arrest information violates the laws cited above, and is unfair because consumers have arrests which did not result in convictions made a part of their permanent records.  Such violations are actually or potentially harmful to consumers and need to be redressed with injunctive relief.

25. Plaintiff seeks injunctive relief to force Defendants to cease reporting obsolete arrest information, and to correct and remove any obsolete arrest information for consumer reports already within its systems.  Plaintiff also prays for attorney's fees, costs and expenses.

## FIFTH CAUSE OF ACTION

### ADVERSE EMPLOYMENT ACTION IN VIOLATION OF PUBLIC POLICY AGAINST DEFENDANT WELLS FARGO BANK AND DOES 26-50, INCLUSIVE

26. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

27. In or about February 2016, Plaintiff was removed from a securities licensing program at his employer, WELLS FARGO, because of obsolete information appearing in a background check provided to WELLS FARGO by FA. FA was reporting information that should not have been reported because the time limit to report arrests is 7 years. FA was reporting arrest information that was more than 17 years old. WELLS FARGO's removal of Plaintiff from the securities licensing program was wrongful because it was based on this obsolete information. WELLS FARGO and DOES 26-50's adverse employment action in removing Plaintiff from the licensing program and Defendants' failure to remedy the matter by reinstating Plaintiff back into the licensing program once it was learned that the information was obsolete were committed in violation of fundamental public policies of the State of California, including, without limitation, the right to protections against adverse actions based on obsolete

SECOND AMENDED COMPLAINT FOR DAMAGES

information. These fundamental public policies inure to the benefit of the public and not just the private interests of the employer and employee.

28. As set forth above, Defendants' acts were wrongful and in violation of the fundamental principles of the public policy of the State of California as reflected in its laws, objectives, and policies. Said laws, which establish these fundamental public policies include, without limitation, the California Investigative Consumer Reporting Agencies Act (Civ. Code § 1786 et seq.), the federal Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.); California's Consumer Credit Reporting Agencies Act (Civ. Code § 1785.1 et seq.); Business & Professions Code § 17200; and Cal. Labor Code § 432.7(a) (no employer shall ask an applicant to disclose information concerning an arrest or detention which did not result in conviction). Plaintiff expressly reserves the right to rely on and assert other statutes that embody these same or similar public policies as the basis for this claim.

29. As an actual, direct, and foreseeable result of Defendants' actions, Plaintiff suffered significant harm in being removed from the securities licensing program, affecting his career in the banking industry.

30. Plaintiff requests a reinstatement into the WELLS FARGO securities licensing program.

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For general and special damages according to proof at trial;

2.  For statutory penalties for each separate statutory violation where allowed by statute;

3.  For punitive damages against Defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

4.  For attorney's fees where authorized by statute or law;

5. For injunctive relief against FA and Does 1-25, Inclusive;

6. For WELLS FARGO to reinstate Plaintiff into the securities licensing

---

SECOND AMENDED COMPLAINT FOR DAMAGES

program;

      7.  For costs of suit;

      8.  For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated: July 17, 2018    **LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**


           By:  _/s/ Robert F. Brennan_____
                Robert F. Brennan
                Attorney for Plaintiff
                MATTHEW NYDEN

SECOND AMENDED COMPLAINT FOR DAMAGES